CITY OF EAST ST. LOUIS, use, etc.,

v.

WILLIAM P. LAUNTZ ET AL.

1. SUIT UPON OFFICIAL BOND.—Suit upon the official bond of a city treasurer, which contained the condition that he should pay out money, in his hands as such officer, *as directed by the city council*, was brought in the name of the city for the use of the school trustees, for a failure of such treasurer to pay over to the school treasurer one half of the funds collected from dram shop licenses. The treasurer, in his plea, set up that the city had never issued any warrant authorizing such payment and that the city council, by ordinance, expressly directed him not to pay out any of said funds to schools. *Held*, that a demurrer to such plea was properly overruled and judgment rendered in favor of the treasurer.

2. FUND FROM DRAM SHOP LICENSES—CITY AS TRUSTEE.—If the school trustees are lawfully entitled to one half of the fund under section 12, article 7 of the city charter, the city, and not its treasurer, holds the same as trustee, and the school trustees must proceed against the city and not against its treasurer.

APPEAL from the Circuit Court of Cook county; the Hon. WILLIAM H. SNYDER, Judge, presiding. Opinion filed January 8, 1887.

Mr. L. H. HITE, for appellant.

Mr. R. A. HALBERT, for appellees.

GREEN, J.   This was a suit upon the official bond of William P. Launtz, city treasurer of the city of East St. Louis, brought in the name of said city for the use of the trustees of schools of Town 2, N., R. 10, W., St. Clair county, against Launtz, and the sureties upon his bond. Pleas in bar were interposed, and a general demurrer thereto was overruled; the plaintiff elected to stand by its demurrer, and the court thereupon rendered judgment for defendant on said pleas, and plaintiff took this appeal.  The bond in question was made to the city of East St. Louis by said William P. Launtz, city treasurer of said city, as principal, and the other appellees as

sureties, in the penal sum of $100,000, with the following con-
dition: "Whereas, the above bounden William P. Launtz
has been duly appointed city treasurer of the city of East St.
Louis by the city council, at its meeting of April 21, 1885,
now, if the said William P. Launtz shall well and truly per-
form the duties thereof, and promptly account for, and turn
over to his successor, or other person designated to receive the
same, all moneys, books, papers and valuable things coming to
his hands as such officer, as directed by the city council, then
this obligation to be void," etc. The breach of this condition
assigned in the declaration as the ground for recovery is,
"that Launtz, as such city treasurer, received into the city
treasury, between April 21, 1885, and January, 1886, $100,-
000, from dram shop licenses collected. Whereupon it be-
came and was his duty to pay over one half of said sum in in-
stallments, at least quarterly, to the treasurer of schools of
said Town 2, N., R. 10, W., according to law, and notwith-
standing said treasurer called upon said Launtz at least every
quarter and demanded one half said dram shop fund as afore-
said, yet the said William P. Launtz, not regarding the duties
of his said office, did not, nor would, pay said money nor any
part thereof to said treasurer, but has hitherto neglected and
refused so to do." The defense relied on and set up by apt
words in the pleas, was in substance, that by the ordinances of
the city it is the duty of said city treasurer, among other things,
to receive and keep safely all moneys of the city, and pay out
the same on the order of the city council, signed by the mayor
or other officer thereunto authorized by ordinance, and coun-
tersigned by the city clerk, *and not otherwise;* that said treas-
urer of schools had no warrant so signed at the times he made
the demands, and the city had never issued any warrant or
order authorizing its treasurer to make such payment, but that
before and at the time of making such demands, the city
council, by ordinance, expressly directed the city treasurer not
to pay out any of said funds to schools.

The material averments of the pleas, admitted by the de-
murrer to be true, furnish a complete defense to the suit
brought upon this bond; by these averments it appears the
condition of the bond had not been broken; that condition re-

quired the city treasurer to pay out the money in his hands as such officer, "*as directed by the city council*," and the only mode of giving such direction was by ordinance, which prescribes that said officer shall pay out all moneys of the city, on the order of the city council, when signed by the mayor or other officer, thereunto authorized by ordinance, and countersigned by the city clerk, and not otherwise. Said school treasurer without such warrant or order, or authority from the city to receive one half of the sum paid into the city treasury for dram shop licenses, demanded the same from said Launtz, as city treasurer, who could not comply with such demand without disobeying the direction of the city council prescribed by ordinance, and which it was his duty to obey; the pleas aver this, and by the demurrer plaintiff is concluded from denying the truth of this averment; hence, the refusal of Launtz to pay out funds from the city treasury upon such demand, was the performance of his official duty and a fulfillment of the condition of his bond, alleged in the declaration to have been broken. It is insisted, however, on behalf of appellant, by virtue of Sec. 12, Art. 7, of the city charter, which provides, "One half of all money received into the city treasury from dram shop licenses collected, shall be paid over, at least quarterly, to the treasurer of school township number two north, range ten, west, in St. Clair county, Illinois, by him to be apportioned to the several schools taught in said city, under the general school laws of this State, in the same mode and manner as interest on township school fund is now required to be apportioned and credited to the respective school districts; shall be liable to the order of the respective boards of school directors, as other funds for the support of the schools in said city, respectively," Launtz, as city treasurer, became a trustee of one half the money collected for dram shop licenses, and therefore it was one of *his duties*, as such officer, to pay to said school treasurer on demand, one half of the money so collected, notwithstanding the direction mentioned, and the further direction, prescribed by ordinance, not to pay the same to schools (as averred in the pleas and admitted by the demurrer), and notwithstanding no warrant or order, as required by the ordinance, had been issued for the payment thereof to

said school treasurer. The section relied on does not, in terms, require the city treasurer to pay to said school trustees half of the money collected for dram shop licenses, or prescribe any duty to be performed by such officer, but Sec. 2, Art. 3, of the city charter, grants to the city council the power to appoint a city treasurer, and Sec. 3, Ibid., empowers the council to prescribe his duties. These powers are lodged with the city council, and nowhere else; the pleas aver and the demurrer admits, the city council of East St. Louis has, in the exercise of this power, prescribed by ordinance, the duty of the city treasurer to pay out money upon a warrant or order and not otherwise. The money paid for dram shop licenses is paid to the city, is properly received and placed in its treasury as city funds, and if said school trustees are lawfully entitled to one half of said money under the provisions of said Sec. 12, the city and not its treasurer holds the same as trustee. The duties of said treasurer, as fixed and defined by ordinance, are in no way affected, changed or enlarged by said Sec. 12, and include no duty or allegiance to said trustees, and the words of the condition before quoted do not bear the construction given them by counsel for appellant. Launtz performed his official duty and obeyed the direction given him by the city council in refusing to pay the money demanded by said school treasurer, and it would be unjust to permit the city to construe this act of obedience as a breach of the bond requiring it, and recover in this action a judgment against Launtz and his sureties. As to the dispute between the city and school trustees touching the right of the latter to the half of said dram shop fund, and the effect of "the Harper Act," upon such right, we can only say, that question is not involved in this suit; but if the city unlawfully retains in its treasury this money, as against the lawful claim of said trustees thereto, the latter can, by a proper proceeding, establish such claim, and compel the city council to issue a warrant or order to its treasurer to pay over said money. We are of opinion the court below properly overruled the demurrer to the pleas, and committed no error in rendering the judgment complained of, and it is affirmed.

Judgment affirmed.